## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| *In re:* | : | **Chapter 11** |
| | : | |
| **TORRADO CONSTRUCTION** | : | |
| **COMPANY, INC.,** | : | |
| | : | |
| Debtor. | : | **Bankruptcy No. 18-14736JKF** |

### MOTION OF THE DEBTOR AND DEBTOR-IN-POSSESSION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 363(b) AND (f) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002, 6004(h) AND 9014 FOR AUTHORITY TO SELL CERTAIN EQUIPMENT FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES AND TO APPROVE PROCEDURES HEREIN

Torrado Construction Company, Inc. (the "Debtor"), by and through its undersigned counsel, Ciardi Ciardi & Astin, hereby requests authority pursuant to 11 U.S.C. §§ 363(b) and (f), Federal Rules of Bankruptcy Procedure 2002, 6004(h) and 9014 to sell certain equipment, free and clear of liens, claims and encumbrances and to approve the procedures herein (the "Motion"). In support hereof, avers as follows:

### BACKGROUND

1. On July 18, 2018 (the "Petition Date"), the Debtor filed a voluntary petition pursuant to chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor remains in possession of its property and control of its business as a Debtor-in-Possession.

2. On that same date, Ciardi Ciardi & Astin ("Ciardi") filed an application to be retained as counsel for the Debtor.

3.  On August 2, 2018, this Court entered an order approving the retention of Ciardi as Counsel for the Debtor.

4.  The Debtor is a minority contractor that owns certain vehicles and equipment used in the construction industry.

5.  Through this Motion the Debtor seeks authority from this court pursuant to section 363(b) and (f) of the Bankruptcy Code to sell a 2006 944E-42 Lull (the "Equipment"). The Equipment is used to lift and transfer large amounts of cinderblock and was purchased used by the Debtor in August of 2014 for $37,000.00. The Debtor listed the Equipment for sale with a broker, Mike Ward, who solicited and generate the highest and best offer for the Equipment, $27,000.00 (the "Purchase Price"). The Equipment was listed with Mr. Ward for three (3) months. In accordance with the bill of sale, the buyer, Ironworks Trading Corp., will pay Mr. Ward $1,000.00 for his services of locating the Equipment.

6.  The Debtor believes the Purchase Price is the highest and best offer it will receive for the Equipment based on the amount of time it was listed, the condition and age of the Equipment and the timing of the sale.

7.  While there is currently a UCC lien on the Equipment in favor of Wells Fargo Bank, N.A. ("Wells Fargo"), this lien has been satisfied and Wells Fargo has been instructed to remove the UCC filing. A true and correct copy of the September 12, 2018 letter is attached hereto as Exhibit "A."

8.  PIDC, however, does have a blanket lien on all the Debtor's equipment. The Debtor proposes to use the funds from the sale of the Equipment to pay down the line of credit with the secured creditor, PIDC.

9.  Accordingly, the Debtor proposes that the Debtor send notice of the proposed sale

and closing (the "Proposed Notice") to (i) all parties requesting notice under Federal Rule of Bankruptcy Procedure 2002, (ii) the office of the United States Trustee, (iii) PIDC, and (iv) the Top 20 Unsecured Creditors informing them of the upcoming sale. The Proposed Notice shall identify the buyer, the Equipment, the purchase price, and the asserted lien, if any, on the Equipment. A true and correct copy of the Proposed Notice, which includes the bill of sale for the Equipment, and proposed order are attached hereto and incorporated herein as Exhibit "B."

10. Any party wishing to object to the sale shall have ten (10) days after receiving the Proposed Notice to object to the proposed sale.

11. If no objection is received within ten (10) business days after delivery of the Proposed Notice, counsel for the Debtor may certify the same to the Court with a request for entry of an Order approving the sale or sales.

12. If an objection is made by any party, the objection must specifically state the reasons for any objection and whether the objector consents to an expedited hearing whether in Court or telephonically to resolve any objection.

## THE BASIS FOR RELIEF AND THE REASONS THEREFOR

13. By this Motion, the Debtor seeks the entry of an order (1) approving the sale of the Equipment, (2) approving the procedures set forth herein for the sale of the Equipment on notice; (3) using the sale proceeds from the sale of any Equipment to pay down PIDC's line of credit and, (4) approving the sale of the Equipment free and clear of liens, claims, encumbrances and interests, and (5) a waiver of the provisions set forth in Federal Rule of Bankruptcy Procedure 6004(h).

14. Section 363(b) of the Bankruptcy Code provides that a debtor may use, sell or lease, other than in the ordinary course of business, property of the estate. See 11 U.S.C. §§ 363(b)(1).

15. Section 363(f) of the Bankruptcy Code provides, in pertinent part, as follows:

> (f) [t]he trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

16. While PIDC has a blanket lien on all of the Debtor's assets, including Equipment, pursuant to the DIP financing Order entered by this Court on July 25, 2018, the Debtor believes that it is in the best interest of all creditors to sell the Equipment to pay back creditors.

17. The Debtor has sought the highest and best offer which will constitutes a purchase in good faith for fair value within the meaning of § 363(m) of the Bankruptcy Code. In re Abbotts Dairies of Pennsylvania, Inc., 788 F2d 142 (3d Cir. 1986).

18. Accordingly, the Debtor believes that the relief requested herein is in the best interest of its estate and creditors.

19. Moreover, pursuant to section 541 of the Bankruptcy Code, the Equipment to be sold is property of the Debtor's bankruptcy estate. In accordance with sections 363, 1107 and

1108 of the Bankruptcy Code, a debtor-in-possession is authorized to sell property of the estate and maximize recoveries for its creditors.

20. Pursuant to the sale, the Equipment shall be sold free and clear of all liens, claims, encumbrances and interests that may be asserted by any entity claiming an interest therein. Such liens, claims, encumbrances and interests shall be transferred and attach to the sale proceeds of the Equipment, in accordance with non-bankruptcy law. If any of the secured creditors oppose the Sale, the Debtor may proceed under section 363(f)(4) and (5) of the Bankruptcy Code and seek to sell over the objection.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order approving (1) the procedures set forth herein for the sale of the Equipment and disbursement of sale proceeds on notice to all parties listed in paragraph 9 of the Motion; and (2) the sale of the Equipment free and clear of liens, claims, encumbrances and interest, and for such other and (3) further relief as this Court deems just.

**CIARDI CIARDI & ASTIN**

Dated: September 28, 2018

By: _____
Albert A. Ciardi, III, Esquire
Nicole M. Nigrelli, Esquire
Adrienne N. Anderson, Esquire
One Commerce Square
2005 Market Street, Suite 3500
Philadelphia, PA 19103
aciardi@ciardilaw.com
nnigrelli@ciardilaw.com
aanderson@ciardilaw.com

*Counsel for the Debtor and Debtor-in-Possession*