## UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 11 |
| TORRADO CONSTRUCTION CO., INC.: | |
| | : BANKRUPTCY NO.  18-14736 (JKF) |
| DEBTOR. | : |
| | : |

### DEBTOR'S OBJECTION TO THE CLAIM OF HUNTER ROBERTS CONSTRUCTION GROUP, LLC, CLAIM NUMBER 24 PURSUANT TO 11 U.S.C. §§502(a) AND (b) AND BANKRUPTCY RULE 3007

Torrado Construction Company, Inc. (the "Debtor"), by and through its undersigned counsel, Ciardi Ciardi & Astin, hereby files an objection to proof of claim number 24 filed by Hunter Roberts Construction Group, LLC  ("Hunter Roberts") Pursuant to 11 U.S.C. § 502(a) and (b) and Federal Rule of Bankruptcy Procedure 3007 (the "Objection"). In support thereof, the Debtor respectfully represents as follows:

### JURISDICTION

1.      This Court has jurisdiction over the objections pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 §§157(b)(20(A) and (B). Venue is proper before this Court pursuant to 28 U.S.C. §1408 and 1409.

### BACKGROUND

2.      On July 18, 2018 (the "Filing Date"), the Debtor filed a voluntary petition for reorganization under Chapter 11 of title 11 of the United States Code, as amended.  Since the Filing Date, the Debtor has been operating its business as a Debtor-in-Possession.

3.      On August 1, 2018, the Debtor filed its schedules of assets and liabilities (collectively, the "Schedules") and statement of financial affairs.

4.      The Debtor is a privately held minority general and subcontracting firm operating in the Philadelphia region for the past twenty-three years. The Debtor was established in 1995 by Luis E. Torrado ("Torrado"), a North Philadelphia native. Torrado has been the sole president and owner of the Debtor since its inception and was nominated as a Rising Constructor in Construction Today Magazine because of his exceptional skills as a professional, perfection driven contractor. Torrado grew his successful business from its humble beginnings run from his parent's home in 1995 into the multi-disciplined contracting firm that it is today. The Debtor, now based in Port Richmond, continues to hire employees from its local area as an equal opportunity employer. Whenever possible, the Debtor purchases from local businesses and supports local charities by participating regularly in community projects.

5.      The Debtor specializes in commercial construction, fire restoration, rehabilitation, concrete and demolition work. The Debtor's clients include general contractors, management firms and private owners.

6.      On December 16, 2018, the Court entered an order (the "Bar Date Order") establishing February 8, 2019 (the "Bar Date") as the deadline to file proofs of claim against the Debtor.

## THE OBJECTION AND REQUEST FOR RELIEF

7.      On February 8, 2019, Hunter Roberts filed a proof of claim, claim number 24, in the amount of $231,886.90 (the "Claim") alleging fees and costs incurred by Hunter Roberts in terminating the Debtor's subcontract relating to the 1213 Walnut Street Apartments (the "Project"). A copy of the Claim is attached hereto as Exhibit "A."

8.      The Debtor has conducted and is continuing to conduct a detailed review of each proof of claim in order to reconcile such claims to the Debtor's books and records.  The Debtor has also sought to reconcile the proofs of claim to the information contained in the Schedules.

9.      The Debtor has filed an adversary proceeding against Hunter Roberts which directly relates to the Claim.  Not only does the Debtor not owe Hunter Roberts any money, but also Hunter Roberts owes the Debtor in excess of $200,000 for work completed for which it was not paid relating to the Project.

10.     By this Objection, the Debtor respectfully requests that the Court enter an Order pursuant to section 502 of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 3007 and LBR 3007-1 disallowing and expunging the Claim.

## NOTICE

11.     Notice of the Objection will be provided to (i) the Office of the United States Trustee, (ii) counsel for Hunter Roberts; and (iii) counsel for the official committee of unsecured creditors.  The Debtor respectfully submits that no further notice of this Objection is required.

12.     Pursuant to Bankruptcy Rule 3007, the Debtor will provide Hunter Roberts with at least thirty (30) days notice of the hearing to consider this Objection.

**WHEREFORE**, the Debtor respectfully requests that the Court grant this Objection and enter an Order in accordance with the form attached hereto.

CIARDI CIARDI & ASTIN

Date: April 15, 2019              By: _____
                                      Albert A. Ciardi, III, Esquire
                                      Nicole M. Nigrelli, Esquire
                                      One Commerce Square
                                      2005 Market Street, Suite 3500
                                      Philadelphia, PA  19103

                                      Attorneys for the Debtor